PER CURIAM.
The referee found the Respondent, Carl G. Swanson, to be guilty of failing properly to account for the sum of $100.00 paid to him by a client. Other charges were dismissed.
The referee recommended suspension from the practice for a period of three months and payment of costs of the proceeding. On review the Board of Governors affirmed the findings and recommendations of the referee and ordered suspension for three months.
*828 Before us the Respondent contends that the evidence is insufficient to support the finding of guilt and that, even if the evidence he found to be sufficient to support the finding, suspension from the practice for three months is excessive and unwarranted.
This proceeding grew out of Respondent’s representation of a client, who apparently was the complaining witness before the Grievance Committee, in defense of a criminal charge, i. e., Driving While Under the Influence of Intoxicating Beverages. The client paid Respondent a fee of $100.00 prior to trial. Respondent says this fee was for representation through the trial. At time of his arrest the client posted a $200.00 hail bond.
Subsequently, after jury trial the client was sentenced to a short jail sentence. Had the client followed Respondent’s advice and let a previously entered plea of guilty stand he would have suffered only a fine and short term suspension of his driver’s license.
After sentence, execution being suspended by a motion for new trial, it was decided — on whose advice is in dispute— that the client would not appear when required but would allow the previously posted bond to be estreated. This required that the bail bondsman be secured for the amount of the bond.
To accomplish this the client delivered $300.00 to Respondent who gave the client a receipt for $250.00 signed by the Respondent for the bondsman. The Respondent testified that the remaining $50.00 was paid to him as a fee for post trial work, and that the Respondent either gave or thought he gave the client a receipt therefor. The client testified that Respondent told him that the $50.00 was to go to the “courthouse” to insure that when the bond was estreated the client would hear no more from the court and not be required to serve the jail sentence. (The scheme did not work and the client was required to serve-the jail sentence as well as suffer loss of the bond.) He said Respondent gave him no receipt. He further stated that he did not agree to pay the Respondent the $50.00 as an additional fee.
The referee found that when the $300.00 was paid to Respondent both the client and Respondent thought that $250.00 was required to be paid to the bondsman to indemnify him for the estreature of the bond. On .conflicting evidence he found, however, that only $200.00 was required to be and was paid to the bondsman by the Respondent. He further found that there was no-agreement between Respondent and the client for the payment of an additional fee of $50.00. Thus, after payment of the $200’ to the bondsman the Respondent, under the referee’s findings, had $100.00 of the-client’s funds. It is this sum which the-referee found the Respondent failed to account for to his client.
After study of the record we agree that the evidence is adequate to support the findings of the referee as affirmed by the Board of Governors.
But under the circumstances of this case we think the discipline ordered is excessive.
The complaining client does not charge that the Respondent did not properly represent him. He was simply dissatisfied that the plan to allow the bond estreature to-absolve him from serving the jail sentence failed. His dissatisfaction is understandable, but much of it is his own doing or is-due to his refusal to follow the Respondent’s advice to plead guilty and accept a fine and license suspension. Further, it does not appear that the client ever made demand on Respondent for return of the $100.00 or any portion thereof. This is-understandable in part because the client testified that the bondsman told him that Respondent had paid the bondsman $250.00. Nevertheless, the client does not appear to *829 have requested return of the remaining $50.00.
There can be no doubt that the Respondent rendered legal services of value far greater than the $100.00 fee he received and the $100.00 which the referee found he retained from the $300.00 entrusted to him by the client. Respondent continued to represent the client for several months following the trial. But this, of course, does not justify Respondent’s retaining these funds since there was no agreement with the client that he do so.
If the Respondent’s version of these unfortunate circumstances is in fact true, it is his failure to exercise proper care in the conduct of his office affairs, and the lack of adequate records of transactions and agreements with this client which makes it impossible for him to demonstrate the correctness of his position. No wise practitioner will leave himself in such a position.
Under the facts and circumstances of this case we do not believe that protection of the public interest or correction of the improper conduct of the Respondent requires suspension. Rather we think that a public reprimand together with the requirement that the Respondent pay the costs of this proceeding and return the sum of $100.00 to the client will be adequate discipline.
Accordingly, only so much of the judgment of the Board of Governors as approves the findings of the referee and requires the payment of costs is approved. In addition the Respondent is ordered to return to the client the sum of $100.00 for which he failed to account. Furthermore, the Respondent is hereby publicly reprimanded for his unprofessional conduct.
It is so ordered.
DREW, C. J., and THOMAS, THOR-NAL, O’CONNELL and HOBSON (Retired), JJ., concur.